UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **PETER MICHAEL PALMER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> **COUNTY OF YAVAPAI,** *et al.*, ) <br> ) <br> **Defendants.** ) <br> ) | 3:10-cv-08049 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motions at Dockets 7, 8, 27] |

## I.  MOTIONS PRESENTED

At docket 7, defendant the Honorable Mary E. Hamm moves to dismiss plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6).  At docket 8, plaintiff Peter M. Palmer moves for an extension of time to file a response to the motion at docket 7 or, in the alternative, for leave to file an amended complaint.  At docket 9, defendant Hamm responds to plaintiff's motion at docket 8.  Plaintiff Palmer replies at docket 25.  Oral argument was not requested and it would not assist the court.

At docket 27, defendants the Honorable Arthur Markham and Clerk of Court Cynthia Runner move to dismiss plaintiff's claims against them pursuant to Rule

12(b)(6).  Plaintiff Palmer responds at docket 34.  Defendants Markham and Runner did not file a reply.  Oral argument was not requested and it would not assist the court.

## II.  BACKGROUND

On May 21, 2010, plaintiff Peter M. Palmer filed a first amended complaint against defendants County of Yavapai, Judge Pro Tem Mary E. Hamm, Yavapai County Prosecutor Sheila Polk, Yavapai County Supervisors Carol Springer, Thomas Thurman, and Chip Davis, Clerk of Court Cynthia Runner, and Judge Pro Tem Arthur Markham.[1]  Mr. Palmer's amended complaint alleges claims of "abuse of process" under 42 U.S.C. § 1983, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, deprivations of Fourteenth, Second, and First Amendment rights under § 1983, and harassment.  An examination of Mr. Palmer's complaint discloses that Mr. Palmer's claims arise from his belief that defendants acted individually and as part of a conspiracy to misuse the judicial process to harass and punish him.  Mr. Palmer specifically alleges that defendants engaged in ex parte communications, suspended numerous Rules of Civil Procedure, placed unlawful directives on Mr. Palmer, placed his name in a secret NCIC government database, and chilled his right to free speech and right to exercise his religion during judicial proceedings.

## III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[2]  In

---

[1]Doc. 6.

[2]*De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."³ "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."⁴ A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."⁵ To avoid dismissal under Rule 12(b)(6), plaintiffs must aver in their complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"⁶

## IV.  DISCUSSION

**Motions at Docket Numbers 7 and 27**

Defendants Judge Mary Hamm and Judge Arthur Markham move to dismiss all of Mr. Palmer's claims against them on the grounds of judicial immunity. As the Supreme Court has often explained, judges generally enjoy absolute immunity from suits seeking money damages.⁷ "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal

---

³*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

⁴*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

⁵*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

⁶*al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).

⁷*Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).

consequences to himself.'"[8]  There are two exceptions to the rule of judicial immunity. First, judicial immunity does not shield "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity."[9]  Second, judicial immunity does not protect "actions, though judicial in nature, taken in the complete absence of all jurisdiction."[10]

"[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."[11]  Here, Mr. Palmer's claims all address acts taken by Judges Hamm and Markham which relate to functions normally performed by a judge.  In addition, all of Mr. Palmer's claims against Judges Hamm and Markham relate to his dealings with them in their judicial capacity.

Mr. Palmer alleges that Judge Markham sua sponte changed a petition for an order of protection against Mr. Palmer into a petition for an injunction against harassment, entered an injunction against harassment against Mr. Palmer, and engaged in ex parte communication with Mr. Palmer by having Clerk Cynthia Runner inform him that the injunction prevented him from sending copies of pleadings to the person who obtained the injunction.  Similarly, Mr. Palmer alleges that during a hearing, Judge Hamm suspended the Rules of Civil Procedure, questioned witnesses inappropriately, considered evidence that had not been served on Mr. Palmer or

---

[8]*Id.* at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[9]*Id.* at 11.

[10]*Id.* at 12.

[11]*Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

entered into the record, engaged in ex parte communications with the plaintiff, and instructed Clerk Runner to insert documents into the court file.  All of the above acts arise out of Mr. Palmer's dealings with Judges Markham and Hamm in their judicial capacity and involve functions normally performed by a judge, such as entering an injunction, presiding over a hearing, and calling witnesses.

Moreover, even though Mr. Palmer's amended complaint alleges that these acts were taken for improper personal reasons, namely to punish and harass him, judicial immunity applies. As the Supreme Court has explained, judicial immunity "applies even when the judge is accused of acting maliciously or corruptly."[12]  This is so, because recognizing judicial immunity promotes the public's interest in having judges who are free to exercise their functions independently and without fear of retribution.[13] Accordingly, the first exception to judicial immunity does not apply.

In addition, there is no basis to assert that the actions by Judges Hamm and Markham were taken in the complete absence of jurisdiction.  All of the actions were taken in the context of hearings over which Judges Markham and Hamm clearly had jurisdiction.  Because Judges Markham and Hamm are entitled to judicial immunity, the court will grant their motions to dismiss and dismiss all of Mr. Palmer's claims against them.

---

[12] *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

[13] *Id.*

Clerk of Court Cynthia Runner similarly moves to dismiss all of Mr. Palmer's claims against her on the basis of quasi-judicial immunity.  While the Clerk of Court does not have judicial immunity per se, when acting in a quasi-judicial capacity, the Clerk enjoys absolute immunity from claims for money damages.[14]  Here, it is clear that the gravamen of Mr. Palmer's claims against the Clerk Runner is that she was in league with the judicial officers in carrying out judicial orders.  Mr. Palmer's amended complaint alleges that at all relevant times Cynthia Runner was a Clerk in the Prescott Consolidated Court, and as Clerk she called Mr. Palmer on Judge Markham's behalf to inform him that the injunction prevented him from sending copies of pleadings to the party who obtained the injunction, inserted documents in court files at the direction of Judge Hamm, and called Mr. Palmer to advise him that the case involving the injunction had been transferred to Judge Hamm.  The amended complaint also alleges that Ms. Runner "watched intently" as Mr. Palmer reviewed the court file.  All of the alleged actions are quasi-judicial functions and thus are within the absolute immunity afforded to court officials acting in a quasi-judicial capacity.  Because Ms. Runner is entitled to absolute immunity from Mr. Palmer's claims, the court will grant Ms. Runner's motion to dismiss all of Mr. Palmer's claims against her.

**Motion at Docket 8**

Mr. Palmer moves for an extension of time to file a response to defendant Hamm's motion to dismiss on the grounds that 1) the husband of an elderly couple he helps care for was diagnosed with lung cancer in late June and just started treatment; 2)

---

[14] *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

Mr. Palmer needs to file a motion for recusal under 28 U.S.C. § 455 before filing a response to the motion to dismiss; and 3) responding to the motion will require many hours of research. Alternatively, Mr. Palmer requests leave to file an amended complaint.

Because Mr. Palmer already filed a first amended complaint as a matter of course, he may amend his pleading only with the opposing party's written consent or the court's leave pursuant to Federal Rule of Civil Procedure 15(a). Pro se plaintiffs generally "should be given an opportunity to amend their complaints to overcome any deficiencies unless it clearly appears the deficiency cannot be overcome by amendment."[15] Because Mr. Palmer's claims against Judge Hamm all arise from actions taken in her judicial capacity and over which she had jurisdiction, she is entitled to judicial immunity. Because Judge Hamm is entitled to judicial immunity, granting Mr. Palmer leave to amend his complaint would be futile.[16] Futility of amendment by itself can justify the denial of a request for leave to amend.[17] Moreover, "[a] party who moves for leave to amend a pleading ... must attach a copy of the proposed amended pleading as an exhibit to the motion..., which must indicate in what respect it differs from the pleading which it amends."[18] Here, Mr. Palmer failed to attach a copy of the proposed amended pleading and to explain in what respect any amended complaint would differ

---

[15] *Ashelman*, 793 F.2d at 1078.

[16] *McAlister*, 829 P.2d 1258; *Earl*, 2010 WL 2336191, at *4.

[17] *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

[18] District of Arizona LRCiv 15.1.

from his first amended complaint.  For the above reasons, the court denies Mr. Palmer's motion for leave to file an amended complaint.

For similar reasons, the court denies Mr. Palmer's motion for an extension of time to file a response to Judge Hamm's motion to dismiss.  Having reviewed Mr. Palmer's motion, there appears no good cause for granting the extension.  As discussed above, granting an extension of time would be futile because Mr. Palmer's claims against Judge Hamm all arise out of Judge Hamm's functions as a judicial officer and Mr. Palmer's dealings with her in that capacity, which are protected by judicial immunity.  Moreover, Mr. Palmer's response to Judge Markham's motion to dismiss fails to advance any arguments addressing the issue of judicial immunity.  In addition, Mr. Palmer's argument that he must file a motion for recusal under 28 U.S.C. § 455 before he files a response to the motion to dismiss is unavailing.  Section 455 provides that a judge shall disqualify him or herself in any proceeding where his or her impartiality might reasonably be questioned or where he or she has a personal bias or prejudice concerning a party.  Section 455 sets forth no procedural requirements which would prevent Mr. Palmer from timely filing a response to the motion to dismiss.[19]  Finally, while the court recognizes that Mr. Palmer has personal commitments, Mr. Palmer failed  to demonstrate how those commitments prevent him from timely filing a response.

---

[19] *U.S. v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

## V.  CONCLUSION

For the reasons set out above, defendant Hamm's motion to dismiss at docket 7 is **GRANTED**, and all claims against defendant Hamm are **DISMISSED with prejudice**; plaintiff's motion at docket 8 for an extension of time or for leave to file an amended complaint is **DENIED**; and defendants Markham and Runner's motion to dismiss at docket 27 is **GRANTED**, and all claims against defendants Markham and Runner are **DISMISSED with prejudice**.

DATED this 6th day of October 2010.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE
