UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **PETER MICHAEL PALMER,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>**COUNTY OF YAVAPAI,** *et al.*, )<br>)<br>**Defendants.** )<br>) | 3:10-cv-08049 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 28] |

## I. MOTION PRESENTED

At docket 28, defendants Carol Springer, Thomas Thurman, and Chip Davis, the Yavapai County Board of Supervisors, move to dismiss plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). At docket 35, plaintiff Peter M. Palmer opposes the motion. Defendants reply at docket 37. Oral argument was not requested and it would not assist the court.

## II. BACKGROUND

On May 21, 2010, Peter Palmer filed a first amended complaint against the County of Yavapai, Judge Pro Tem Mary E. Hamm, Yavapai County Prosecutor Sheila Polk, Yavapai County Supervisors Carol Springer, Thomas Thurman, and Chip Davis,

Clerk of Court Cynthia Runner, and Judge Pro Tem Arthur Markham.[1]  Mr. Palmer's amended complaint alleges claims of "abuse of process" under 42 U.S.C. § 1983, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, deprivations of Fourteenth, Second, and First Amendment rights under § 1983, and harassment.  Mr. Palmer's claims arise from his belief that defendants acted individually and as part of a conspiracy to misuse the judicial process to harass and punish him.  Mr. Palmer's amended complaint does not make any factual allegations against defendants Springer, Thurman, or Davis, other than to identify them as Yavapai County Supervisors.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[2]  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[3]  "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss."[4]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]  To avoid dismissal under Rule 12(b)(6), plaintiffs must aver in their

---

[1] Doc. 6.

[2] *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

[3] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[4] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[5] B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6]

### IV.  DISCUSSION AND CONCLUSION

Yavapai County Supervisors Carol Springer, Thomas Thurman, and Chip Davis move to dismiss all of Mr. Palmer's claims against them on the grounds that the amended complaint fails to make any factual allegations against them and fails to allege a cognizable theory of liability against them.  Mr. Palmer acknowledges the deficiencies of his claims against defendants Springer, Thurman, and Davis, but contends that he knows how to cure the defects and refers to the motion at docket 8 for leave to amend his complaint as a remedy to cure the deficiencies.  The court denied Mr. Palmer's motion for leave to amend by order dated October 6, 2010.  Because Mr. Palmer's first amended complaint does not set forth any factual allegations against defendants Springer, Thurman, and Davis under a cognizable legal theory, the court dismisses all claims against them.

For the reasons set out above, defendants Springer, Thurman, and Davis's motion to dismiss at docket 28 is **GRANTED**, and all claims against defendants Springer, Thurman, and Davis are **DISMISSED**.

DATED this 6th day of October 2010.



/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6]*al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted)).