UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| PETER MICHAEL PALMER, | ) ) | |
| Plaintiff, | ) ) | 3:10-cv-08049 JWS |
| vs. | ) ) | ORDER AND OPINION |
| | ) ) | [Re: Motions at Dockets 32, 39, |
| COUNTY OF YAVAPAI, *et al.*, | ) ) | 40 and 41] |
| Defendants. | ) ) | |

**I.  MOTIONS PRESENTED**

At docket 32, *pro se* plaintiff Peter Palmer moves for entry of default and default judgment against defendant Yavapai County pursuant to Federal Rule of Civil Procedure 55(b).  At docket 39, defendant Yavapai County moves to set aside entry of default pursuant to Rule 55(c).  At docket 40, plaintiff moves to strike defendant Yavapai County's filing at docket 38, or in the alternative, for a more definite statement.  At docket 41, plaintiff moves to strike defendant Yavapai County's motion at docket 39.  All of the motions are ripe for the court's review.

## II.  BACKGROUND

On May 21, 2010, Peter Palmer filed a first amended complaint against the County of Yavapai, Judge Pro Tem Mary E. Hamm, Yavapai County Prosecutor Sheila Polk, Yavapai County Supervisors Carol Springer, Thomas Thurman, and Chip Davis, Clerk of Court Cynthia Runner, and Judge Pro Tem Arthur Markham.[1]  Mr. Palmer's amended complaint alleges claims of "abuse of process" under 42 U.S.C. § 1983, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, deprivations of Fourteenth, Second, and First Amendment rights under § 1983, and harassment.  Mr. Palmer's claims arise from his belief that defendants acted individually and as part of a conspiracy to misuse the judicial process to harass and punish him.

## III.  DISCUSSION

On August 27, 2010, plaintiff Palmer filed an application for entry of default and default judgment against defendant Yavapai County, which the Clerk of Court correctly separated into an application for entry of default against defendant Yavapai County at docket 31, which is before the Clerk of Court, and a motion for default judgment against Yavapai County at docket 32, which is before the court.  Because plaintiff's claim against defendant Yavapai County is not for a "sum certain or a sum that can be made certain by computation," plaintiff must apply to the court and not the Clerk for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1).

On August 30, 2010, defendant Yavapai County filed a motion to dismiss plaintiff's claims, which stated in pertinent part:

---

[1]Doc. 6.

> While the plaintiff has filed an application for default [] and default judgment against Yavapai County, the affidavit that he offers in support of proper service on Yavapai County establishes that he has not properly served Yavapai County. Rather than prolong proper service of process, Yavapai County appears in the case and moves to dismiss the plaintiff's first amended complaint.[2]

At docket 38, defendant Yavapai County subsequently filed a notice of errata and response to plaintiff's motion for default judgment, stating that upon further investigation, counsel for Yavapai County had determined that Yavapai County was properly served, but due to mistake, inadvertence, or excusable neglect, counsel did not realize the County had been served. At docket 39, defendant Yavapai County filed a motion to set aside default pursuant to Federal Rule of Civil Procedure 55(c).

Both plaintiff's motion for default judgment against Yavapai County and defendant Yavapai County's motion to set aside entry of default are premature because the record indicates default has not been entered as to defendant Yavapai County. Moreover, even assuming default had been properly entered against defendant Yavapai County, defendant has shown good cause for setting aside an entry of default against it.

Rule 55(c) provides that a court may set aside a default for "good cause shown." "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)."[3] "The good cause analysis considers three factors: (1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious

---

[2] Doc. 33 at p. 1, n.1.

[3] *Franchise Holding II, LLC v. Huntington Restaurants Group*, 375 F.3d 922, 925 (9th Cir. 2004).

defense; or (3) whether reopening the default judgment would prejudice [plaintiff]."[4] Here, as demonstrated by Yavapai County counsel's remark in his motion to dismiss that Yavapai County had not been properly served and by counsel's timely filing motions to dismiss on behalf of all the other served Yavapai County defendants, counsel's failure to file a motion to dismiss on behalf of Yavapai County was not willful or culpable, but due to his mistaken belief that Yavapai County had not been properly served. In addition, defendant Yavapai County has a meritorious defense because the amended complaint does not make any factual allegations against it. Moreover, setting aside default (had it been entered) would not prejudice plaintiff by causing unwarranted delay because defendant Yavapai County filed its motion to dismiss three days after plaintiff applied for entry of default and moved for default judgment. For the above reasons, the court will deny plaintiff's motion for default judgment against defendant Yavapai County and deny as moot defendant Yavapai County's motion to set aside entry of default.

At docket 40, plaintiff moves to strike defendant Yavapai County's filing at docket 38, which is entitled "Defendant Yavapai County's Notice of Errata, Response to Plaintiff's Application for Entry of Default and Default Judgment Against Yavapai County or, in the Alternative, Motion to Set Aside Default." In the alternative, plaintiff moves for a more definite statement. The gravamen of plaintiff's motion is that defendant's filing at docket 38 combines a notice, a response, and a motion, and is vague and ambiguous on its face. The court agrees that defendant's filing is somewhat confusing. However,

---

[4] *Id.* at 925-926.

the Clerk of Court properly construed defendant's document as a response to the motion at docket 32 for default judgment (docket 38), and as a separate motion to set aside entry of default (docket 39), which should have helped to clear the confusion.[5] Accordingly, the court will deny plaintiff's motion at docket 40 to strike, or for a more definite statement.  Plaintiff also moves to strike defendant's motion at docket 39. Plaintiff's motion is moot because the court herein denied defendant's motion at docket 39.

### IV.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 32 for default judgment as to Yavapai County is **DENIED**; defendant's motion at docket 39 to set aside entry of default is **DENIED AS MOOT**; plaintiff's motion at docket 40 to strike defendant's filing at docket 38 or for more definite statement is **DENIED**; and plaintiff's motion at docket 41 to strike defendant's motion at docket 39 or for more definite statement is **DENIED**.

DATED this 7th day of October 2010.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[5] When plaintiff filed a document styled a motion for extension of time to file a responsive pleading or, in the alternative, a motion for leave to file an amended complaint, the Clerk of Court similarly construed the filing as two separate motions.