UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA


PETER MICHAEL PALMER,          )
                               )
          Plaintiff,           )          3:10-cv-08049 JWS
                               )
     vs.                       )          ORDER AND OPINION
                               )
                               )          [Re: Motions at Dockets 33 and 36]
COUNTY OF YAVAPAI, *et al.*,    )
                               )
          Defendants.          )
_____)

## I.  MOTION PRESENTED

At docket 33, defendant Yavapai County moves to dismiss all of plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  At docket 36, plaintiff Peter M.  Palmer moves to strike defendant Yavapai County's motion to dismiss as untimely.  Both motions are ripe for the court's review.  Oral argument was not requested and it would not assist the court.

## II.  BACKGROUND

On May 21, 2010, Peter Palmer filed a first amended complaint against the County of Yavapai, Judge Pro Tem Mary E. Hamm, Yavapai County Prosecutor Sheila Polk, Yavapai County Supervisors Carol Springer, Thomas Thurman, and Chip Davis,

Clerk of Court Cynthia Runner, and Judge Pro Tem Arthur Markham.[1]  Mr. Palmer's amended complaint alleges claims of "abuse of process" under 42 U.S.C. § 1983, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, deprivations of Fourteenth, Second, and First Amendment rights under § 1983, and harassment.  Mr. Palmer served Yavapai County with a summons and a copy of the first amended complaint on July 30, 2010.

On August 30, 2010, Yavapai County appeared in this action and filed a motion to dismiss Mr. Palmer's amended complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  The County's motion stated in pertinent part:

> While the plaintiff has filed an application for default [] and default judgment against Yavapai County, the affidavit that he offers in support of proper service on Yavapai County establishes that he has not properly served Yavapai County. Rather than prolong proper service of process, Yavapai County appears in the case and moves to dismiss the plaintiff's first amended complaint.[2]

Yavapai County subsequently filed a notice of errata, in which Yavapai County's counsel stated that upon further investigation, he had determined that Yavapai County was property served, but due to mistake, inadvertence, or excusable neglect, counsel did not realize that service had occurred.[3]

---

[1]Doc. 6.

[2]Doc. 33 at p. 1, n.1.

[3]Dkt. 38.

## III.  DISCUSSION

Yavapai County moves to dismiss all of Mr. Palmer's claims against it on the grounds that the amended complaint fails to make any factual allegations against it, other than it is a political subdivision of the State of Arizona, and fails to allege a cognizable theory of liability against the County.  Mr. Palmer moves to strike Yavapai County's motion to dismiss on the grounds that it was not timely filed.  If the court does not grant his motion to strike, Mr. Palmer requests an extension of time to respond to defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 6(b)(1)(A).

Pursuant to Federal Rule of Civil Procedure 12(a), a defendant must serve an answer "within 21 days after being served with the summons and complaint."  If a party chooses to file a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), that motion must be made before pleading.[4]  Yavapai County filed its Rule 12(b)(6) motion to dismiss after the 21 deadline had passed purportedly due to mistake, inadvertence, or excusable neglect.

Pursuant to Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."  Yavapai did not move for an extension of time pursuant to Rule 6(b)(1)(B) prior to filing its motion to dismiss.  Accordingly, the court will grant Mr. Palmer's motion to strike and deny Yavapai County's motion to dismiss as untimely.  Yavapai County is free of course to raise its arguments in further motion practice.

---

[4]Fed. R. Civ. P. 12(b).

## IV.  CONCLUSION

For the reasons set out above, plaintiff's motion to strike at docket 36 is

**GRANTED**, and defendant's motion to dismiss at docket 33 is **DENIED**.

DATED this 7th day of October 2010.


_____/S/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE