Marc A. Appel, Esq., #010759
**APPEL LAW OFFICE, P.L.L.C.**
10601 N. Hayden Rd., Suite I-103
Scottsdale, Arizona 85260
Telephone: (480) 315-1216
Facsimile: (480) 315-1218
Email: Marc.appel@azbar.org
Attorney for the Honorable Mary E. Hamm, the Honorable Arthur Markham, Clerk Cynthia J. Runner, Yavapai County Board of Supervisors Carol Springer, Thomas Thurman and Chip Davis, Yavapai County, and Sheila Polk, defendants

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Yavapai County, a political subdivision of the State of Arizona; Mary E. Hamm and John Doe Hamm, wife and husband; Sheila Polk and John Doe Polk, wife and husband; Carol Springer and John Doe Springer, wife and husband; Thomas Thurman and Jane Doe Thurman, husband and wife; Chip Davis and Jane Doe Davis, husband and wife; Cynthia J. Runner and John Doe Runner, wife and husband; Arthur Markham and Jane Doe Markham, husband and wife; John and Jane Does I-X,<br><br>Defendants. | No. CV10-08049-JWS<br><br>**YAVAPAI COUNTY AND SHEILA POLK'S SEPARATE ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Assigned to the Honorable John W. Sedwick) |

Yavapai County and Sheila Polk[1], by and through counsel undersigned, answer the plaintiff's first amended complaint as follows:

## PARTIES AND JURISDICTION

1. Answering paragraph 1, upon information and belief, these defendants admit those allegations.

2. Answering paragraph 2, these defendants admit those allegations.

---
[1] While Sheila Polk has not yet been served, she voluntarily appears in the case.

-1-

1       3.    Answering paragraph 3, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than that, upon information and belief, they admit that Mary E. Hamm has at all relevant times resided in Yavapai County, Arizona.

     4.    Answering paragraph 4, these defendants admit that Sheila A. Polk has at all relevant times resided in Yavapai County and was the Yavapai County Attorney. These defendants also admit that Sheila Polk was at all relevant times married but deny all remaining allegations contained in that paragraph.

     5.    Answering paragraph 5, these defendants admit that Carol Springer has at all relevant times resided in Yavapai County and was a Yavapai County Supervisor. These defendants deny that Carol Springer was at all relevant times married and all remaining allegations contained in that paragraph.

     6.    Answering paragraph 6, these defendants admit that Thomas Thurman has at all relevant times resided in Yavapai County and was a Yavapai County Supervisor. These defendants also admit that Thomas Thurman was at all relevant times married but denies all remaining allegations contained in that paragraph.

     7.    Answering paragraph 7, these defendants admit that Chip Davis has at all relevant times resided in Yavapai County and was a Yavapai County Supervisor.  These defendants also admit that Chip Davis was at all relevant times married but deny all remaining allegations contained in that paragraph.

     8.    Answering paragraph 8, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than, upon information and belief, they admit that Cynthia J. Runner has at all relevant times resided in Yavapai County and was a court clerk in the Prescott Consolidated Court.

     9.    Answering paragraph 9, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit

that Arthur Markham has at all relevant times resided in Yavapai County and was a justice court judge in the Prescott Consolidated Court.

10. Answering paragraph 10, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery.

11. Answering paragraph 11, these defendants admit the subject matter jurisdiction of this court.

12. Answering paragraph 12, these defendants admit that venue is proper in this court.

## GENERAL ALLEGATIONS

13. Answering paragraph 13, these defendants incorporate each and every answer to the plaintiff's allegations set forth above as if fully set forth herein.

14. Answering paragraph 14, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that, based upon the public record, a complaint involving judicial misconduct was filed with the Arizona Commission on Judicial Conduct against former Yavapai County Superior Court Judge Howard D. Hinson, Jr. and these defendants admit that former Judge Hinson is no longer a Yavapai County Superior Court judge.

15. Answering paragraph 15, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that there is a web site referred to in footnote 2 of that paragraph and it contains the information contained at that web site.

16. Answering paragraph 16, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery.

17. Answering paragraph 17, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and,

therefore, deny them pending further investigation and discovery other than they admit that the public record reflects what was reported and that Judge Robert M. Brutinel is the presiding judge of the Yavapai County Superior Court.

18.     Answering paragraph 18, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that the confidentiality provisions of Rule 9 of the Rules of the Commission on Judicial Misconduct provide for certain matters to be confidential.

19.     Answering paragraph 19, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them other than they admit that presiding Judge Robert M. Brutinel was at one time a member of the Commission on Judicial Conduct and that Judge Brutinel is considered a prominent jurist who has applied to be a justice on the Supreme Court of Arizona.

20.     Answering paragraph 20, these defendants object to the speculative nature of the allegations contained in that paragraph regarding what Sheila Polk could have easily discovered.  These defendants also object to the allegations contained in that paragraph that contain undefined words such as "favorable working relationship" and "connections".  Without waiving those objections, these defendants admit that Sheila Polk is a member of the Commission on Judicial Conduct and that when she became aware of a complaint being filed against a Yavapai County Superior Court judge she disqualified herself.  These defendants also admit that Sheila Polk had a working relationship with Judge Hinson when he was a superior court judge in Yavapai County. These defendants deny all remaining allegations contained in that paragraph.

21.     Answering paragraph 21, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that Judge Markham's office is located in the same building as Judge Brutinel's office and, upon information and belief, that Judge Markham's wife is Judge Brutinel's court

1 reporter.

2     22.    Answering paragraph 22, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that the applicable court files are a matter of public record and contain what they contain and, upon information and belief, that Judge Markham and Judge Brutinel have at times spoken with one another.

    23.    Answering paragraph 23, upon information and belief and the public record, these defendants admit that the Commission on Judicial Conduct filed a formal Statement of Charges against former Judge Hinson but deny all remaining allegations contained in that paragraph.

    24.    Answering paragraph 24, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit, upon information and belief, that at all relevant times the plaintiff resided in Maricopa County.

    25.    Answering paragraph 25, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that if the information referred to in that paragraph is part of the applicable court files, those court files are a matter of public record and contain what they contain.

    26.    Answering paragraph 26, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that if the information referred to in that paragraph is part of the applicable court files, those court files are a matter of public record and contain what they contain.

    27.    Answering paragraph 27, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit

that if the information referred to in that paragraph is part of the applicable court files, those court files are a matter of public record and contain what they contain.

28. Answering paragraph 28, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them other than they admit that petition hearings would normally be recorded and that the plaintiff would have the right pursuant to a public records request to obtain a copy of that recording.

29. Answering paragraph 29, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigations other than they admit that the petition hearing should have been recorded and the recording should contain what was and was not said during the hearing. As to the plaintiff's allegations regarding issues of law, these defendants deny those allegations until the legal issues are resolved.

30. Answering paragraph 30, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigations other than they admit that the petition hearing should have been recorded and the recording and applicable court file should contain what was and was not said and done during the hearing. As to the plaintiff's allegations regarding issues of law, these defendants deny those allegations until the legal issues are resolved.

31. Answering paragraph 31, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigations other than they admit that the petition hearing should have been recorded and the recording should contain what was and was not said during the hearing.

32. Answering paragraph 32, these defendants admit that Judge Markham is competent and that he is the presiding judge of the Prescott Consolidated Court but deny all remaining allegations contained in that paragraph.

33. Answering paragraph 33, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny those allegations pending further investigation and discovery other than they admit that if the information referred to in that paragraph is part of the applicable court files, those court files are a matter of public record and contain what they contain.

34. Answering paragraph 34, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that if the setting of the trial date and the pretrial motions referred to in that paragraph are part of the applicable court files, those court files are a matter of public record and contain what they contain.

35. Answering paragraph 35, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that if anything alleged in that paragraph is part of the applicable court files, those court files are a matter of public record and contain what they contain. These defendants do, however, object to the legal conclusions alleged in that paragraph and deny them.

36. Answering paragraph 36, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that if the pretrial motions referred to in the paragraph are part of the applicable court files, those court files are a matter of public record and contain what they contain. As to the plaintiff's allegation that an automatic change of judge is a right in Arizona, these defendants admit that Rule 42(f) of the Arizona Rules of Civil Procedure states what it states.

37. Answering paragraph 37, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation. However, these defendants deny that the First Baptist Church of Prescott is located adjacent to the Yavapai County

1 Courthouse.

2 38. Answering paragraph 38, these defendants are without knowledge sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that if the Motion for Recusal is part of the applicable court files, those court files are a matter of public record and contain what they contain.

39. Answering paragraph 39, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that if the letter referred to in that paragraph is part of the applicable court files, those court files are a matter of public record and contain what they contain.

40. Answering paragraph 40, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, denies them pending further investigation and discovery other than they admit that if the Motion for Recusal is part of the applicable court files, those court files are a matter of public record and contain what they contain.

41. Answering paragraph 41, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that the public record reflects what was and was not reported by TIME Magazine.

42. Answering paragraph 42, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than that if the Motion for Recusal is part of the applicable court files, those court files are a matter of public record and contain what they contain.  Upon information and belief, these defendants deny the allegation that the plaintiff did not get a fair trial or that there was any appearance of impropriety or impropriety itself.

43. Answering paragraph 43, these defendants admit that if the Motion for Recusal contains the information alleged in that paragraph and it is part of the

applicable court files, those court files are a matter of public record and contain what they contain.

44. Answering paragraph 44, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than they admit that if Judge Markham recused himself pursuant to the plaintiff's Rule 42(f) motion and that is part of the applicable court files, those court files are a matter of public record and contain what they contain.  Upon information and belief, these defendants deny that Judge Markham did anything unlawful.

45. Answering paragraph 45, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than that if what is alleged in that paragraph is part of the applicable court files, those court files are a matter of public record and contain what they contain.

46. Answering paragraph 46, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery.

47. Answering paragraph 47, these defendants admit that Rule 42(f)(B) provides that a notice of change of judge pursuant to that rule is to be served on the presiding judge and the presiding judge of the Yavapai County Superior Court was Judge Brutinel.  Upon information and belief, these defendants deny all remaining allegations contained in that paragraph.

48. Answering paragraph 48, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than the allegations regarding Judge Hamm which are denied.

49. Answering paragraph 49, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit

that Judge Mary Hamm was at one time a pro tem judge.

50. Answering paragraph 50, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation other than if the trial was held on April 9, 2009 the applicable court file should reflect that fact.

51. Answering paragraph 51, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that the trial should have been recorded and the recording should contain what was and was not said during the trial.

52. Answering paragraph 52, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that the trial should have been recorded and the recording and court file should contain what was and was not said and done during the trial.  As to the plaintiff's allegations regarding issues of law, these defendants deny those allegations until the legal issues are resolved.

53. Answering paragraph 53, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that the trial should have been recorded and the recording and court file should contain what was and was not said and done during the trial and what is contained in the court file.  As to the plaintiff's allegations regarding issues of law, these defendants deny those allegations until the legal issues are resolved.  Finally, these defendants deny any violation of the Rules of Civil Procedure or Evidence or the plaintiff's rights.

54. Answering paragraph 54, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit

1  that the Arizona Code of Conduct states what it states and they deny any wrongdoing on
2  the part of Judge Hamm or Ms. Runner.
3        55.    Answering paragraph 55, these defendants are without knowledge or
4  information sufficient to form a belief as to the truth or falsity of those allegations and,
5  therefore, deny them pending further investigation and discovery other than they admit
6  that the trial should have been recorded and the recording and the court file should
7  contain what was and was not said and done during the trial and what is contained in the
8  court file which is a matter of public record and contains what it contains.  These
9  defendants deny any violation of the plaintiff's rights or any wrongdoing on the part of
   Judge Hamm.
10       56.    Answering paragraph 56, these defendants are without knowledge or
11 information sufficient to form a belief as to the truth or falsity of those allegations and,
12 therefore, deny them pending further investigation and discovery.
13       57.    Answering paragraph 57, these defendants are without knowledge or
14 information sufficient to form a belief as to the truth or falsity of those allegations and,
15 therefore, deny them pending further investigation and discovery other than they admit
16 that the trial should have been recorded and the recording should contain what was and
17 was not said during the trial.
18       58.    Answering paragraph 58, these defendants are without knowledge or
19 information sufficient to form a belief as to the truth or falsity of those allegations and,
20 therefore, deny them pending further investigation and discovery other than they admit
21 that the trial should have been recorded and the recording and court file should contain
22 what was and was not said and done during the trial and what is contained in the court
23 file is a matter of public record and contains what it contains.  These defendants deny
   any violation of the plaintiff's rights.
24       59.    Answering paragraph 59, these defendants are without knowledge or
25 information sufficient to form a belief as to the truth or falsity of those allegations and,
26 therefore, deny them pending further investigation and discovery other than they admit

1 that the trial should have been recorded and the recording and court file should contain
2 what was and was not said and done during the trial and what is contained in the court
3 file is a matter of public record and contains what it contains.  These defendants deny
4 any violation of the plaintiff's rights.

5     60.    Answering paragraph 60, these defendants are without knowledge or
6 information sufficient to form a belief as to the truth or falsity of those allegations and,
7 therefore, deny them pending further investigation and discovery other than they admit
8 that the trial should have been recorded and the recording and court file should contain
9 what was and was not said and done during the trial and what is contained in the court
10 file is a matter of public record and contains what it contains.  These defendants deny
11 any violation of the plaintiff's rights.

12     61.    Answering paragraph 61, these defendants object to the plaintiff's
13 rhetorical question and deny all remaining allegations contained in that paragraph.

14     62.    Answering paragraph 62, these defendants are without knowledge or
15 information sufficient to form a belief as to the truth or falsity of those allegations and,
16 therefore, deny them pending further investigation and discovery other than they admit
17 that the trial should have been recorded and the recording should contain what was and
18 was not said during the trial.  These defendants deny any violation of the plaintiff's
19 rights.

20     63.    Answering paragraph 63, these defendants are without knowledge or
21 information sufficient to form a belief as to the truth or falsity of those allegations and,
22 therefore, deny them pending further investigation and discovery other than that they
23 deny Judge Hamm violated any of the plaintiff's rights or that she caused him any harm
24 or harassment.

25     64.    Answering paragraph 64, these defendants are without knowledge or
26 information sufficient to form a belief as to the truth or falsity of those allegations and,
therefore, deny them pending further investigation and discovery other than they admit

1  that the applicable court files are a matter of public record and contain what they
2  contain regarding Judge Hamm's rulings and deny that Judge Hamm harassed the
3  plaintiff or violated any of his rights or damaged him.

4      65.    Answering paragraph 65, these defendants are without knowledge or
5  information sufficient to form a belief as to the truth or falsity of those allegations and,
6  therefore, deny them pending further investigation and discovery other than they admit
7  that the trial should have been recorded and the recording should contain what was and
8  was not said during the trial.

9      66.    Answering paragraph 66, these defendants are without knowledge or
10 information sufficient to form a belief as to the truth or falsity of those allegations and,
11 therefore, deny them pending further investigation and discovery other than they admit
12 that the trial should have been recorded and the recording should contain what was and
13 was not said during the trial and deny that any ruling by Judge Hamm prevented the
14 plaintiff from filing a pro se civil suit and deny that Judge Hamm violated any of the
15 plaintiff's rights.

16     67.    Answering paragraph 67, these defendants are without knowledge or
17 information sufficient to form a belief as to the truth or falsity of those allegations and,
18 therefore, deny them pending further investigation and discovery other than they admit
19 that the trial should have been recorded and the recording and court file should contain
20 what was and was not said and done during the trial and deny that anything Judge
21 Hamm did violated any of the plaintiff's rights, deny that Judge Markham violated any
22 of the plaintiff's rights, deny that the plaintiff was harassed and admit that the court file
23 should contain anything that was filed by the plaintiff after the trial should be a part of
24 the applicable court files which are a matter of public record and contain what they
contain. Finally, these defendants deny that the plaintiff was damaged or harmed.

25     68.    Answering paragraph 68, based upon the public record, these defendants
26 admit those allegations.

69. Answering paragraph 69, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them other than, upon information and belief, these defendants deny that documents filed in the justice court are electronically filed and deny any wrongdoing on the part of the clerks.

70. Answering paragraph 70, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that Judge Hinson at one time announced that he would be resigning from the Yavapai County Superior Court and, upon information and belief, deny and wrongdoing on the part of Superior Court Judge Michael Bluff.

71. Answering paragraph 71, these defendants admit that on or about October 5, 2009 the plaintiff submitted a Notice of Claim to Yavapai County that states what it states.

72. Answering paragraph 72, these defendants admit that Judge Brutinel recommended Judge Hamm to a full-time judgeship but deny all remaining allegations contained in that paragraph.

73. Answering paragraph 73, based upon the public record, these defendants admit those allegations.

74. Answering paragraph 74, these defendants admit that on October 29, 2008 Judge Brutinel signed an administrative order regarding the appointment of Mary E. Hamm as a Justice of the Peace Pro Tempore for the Seligman Justice Court precinct for a period of one year.

75. Answering paragraph 75, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than that Judge

1 Brutinel applied to fill a vacancy at the Supreme Court of Arizona and he did not fill
2 that vacancy.
3    76.  Answering paragraph 76, these defendants admit that Judge Hamm was
4 appointed to a full-time judgeship on or about November 2, 2009.
5    77.  Answering paragraph 77, these defendants are without knowledge or
6 information sufficient to form a belief as to the truth or falsity of those allegations and,
7 therefore, deny those allegations pending further investigation and discovery.
8    78.  Answering paragraph 78, these defendants are without knowledge or
9 information sufficient to form a belief as to the truth or falsity of those allegations and,
10 therefore, deny them other than, upon information and belief, deny that Judge Hamm is
11 a Mormon.
12    79.  Answering paragraph 79, these defendants admit that a letter dated on or
13 about October 19, 2009 was sent by the Yavapai County Attorney's Office and that the
14 document states what it states.
15    80.  Answering paragraph 80, upon information and belief, these defendants
16 admit that the plaintiff sent a letter to the Yavapai County Attorney's Office dated
17 November 21, 2009 and that the letter states what it states.
18    81.  Answering paragraph 81, upon information and belief, these defendants
19 admit those allegations.
20    82.  Answering paragraph 82, these defendants are without knowledge or
21 information sufficient to form a belief as to the truth or falsity of those allegations and,
22 therefore, denies them pending further investigation and discovery other than they admit
23 that there was media coverage of the incident alleged in that paragraph which was what
24 it was and that all matters regarding the prosecution are contained in the applicable
25 court files which contain what they contain but deny that Sheila Polk has in any way
26 demonstrated religious bias toward Mormons or against the plaintiff and further deny
any violation of the plaintiff's rights.

83. Answering paragraph 83, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them other than that the applicable court files are a matter of public record and contain what they contain and deny that Judge Hamm violated any rules.

84. Answering paragraph 84, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than that, upon information and belief, they admit that Judge Markham has made certain rulings in the case and those rulings are part of the applicable court files which contain what they contain.  These defendants deny any retribution by Judge Markham.

85. Answering paragraph 85, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that the applicable court files contain what they contain.

86. Answering paragraph 86, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit if the information referred to in that paragraph is part of the applicable court files, those court files are a matter of public record and contain what they contain.

87. Answering paragraph 87, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, deny them pending further investigation and discovery other than they admit that the applicable court files contain what they contain and these defendants deny that any of the judges involved took a personal interest in the former Mrs. Bodine's case, deny that they advised her as her legal counsel and deny that they suborned ex parte communications, and deny they violated any of the plaintiff's rights.

## COUNT ONE

### Violation of 42 U.S.C. § 1983 – Abuse of Process

88. Answering paragraph 88, these defendants incorporate each and every answer to the plaintiff's allegations set forth above as if fully set forth herein.

89. Answering paragraph 89, these defendants admit that at all relevant times Sheila Polk was acting under color of state law.

90. Answering paragraph 90, these defendants deny those allegations.

91. Answering paragraph 91, these defendants deny those allegations.

92. Answering paragraph 92, these defendants deny those allegations.

93. Answering paragraph 93, these defendants deny those allegations.

94. Answering paragraph 94, these defendants deny those allegations.

## COUNT TWO

### Violation of 42 U.S.C. § 1983 – Conspiracy to Interfere With Civil Rights

95. Answering paragraph 95, these defendants incorporate each and every answer to the plaintiff's allegations set forth above as if fully set forth herein.

96. Answering paragraph 96, these defendants deny those allegations.

97. Answering paragraph 97, these defendants deny those allegations.

98. Answering paragraph 98, these defendants deny those allegations.

99. Answering paragraph 99, these defendants deny those allegations.

## COUNT THREE

### Violation of 42 U.S.C. § 1983 – Deprivation of Fourteenth Amendment Right

100. Answering paragraph 100, these defendants incorporate each and every answer to the plaintiff's allegations set forth above as it fully set forth herein.

101. Answering paragraph 101, these defendants deny those allegations.

102. Answering paragraph 102, these defendants deny those allegations.

103. Answering paragraph 103, these defendants deny those alleations.

## COUNT FOUR

### Violation of 42 U.S.C. § 1983 – Deprivation of Second Amendment Right

104. Answering paragraph 104, these defendants incorporate each and every

answer to the plaintiff's allegations set forth above as if fully set forth herein.

105. Answering paragraph 105, these defendants deny those allegations.

106. Answering paragraph 106, these defendants deny those allegations.

107. Answering paragraph 107, these defendants deny those allegations.

### COUNT FOUR

### Violation of 42 U.S.C. § 1983 – Deprivation of First Amendment Right

108. Answering paragraph 108, these defendants incorporate each and every answer to the plaintiff's allegations set forth above as if fully set forth herein.

109. Answering paragraph 109, these defendants deny those allegations.

110. Answering paragraph 110, these defendants deny those allegations.

111. Answering paragraph 111, these defendants deny those allegations.

### COUNT FIVE

### Harassment

112. Answering paragraph 112, these defendants incorporate each and every answer to the plaintiff's allegations set forth above as if fully set forth herein.

113. Answering paragraph 113, these defendants deny those allegations.

114. Answering paragraph 114, these defendants deny those allegations.

115. Answering paragraph 115, these defendants deny those allegations.

### GENERAL DENIAL AND AFFIRMATIVE DEFENSES

116. These defendants deny each and every allegation contained in the plaintiff's first amended complaint not specifically admitted, qualified or denied.

117. So that the same are not waived, these defendants assert each and every affirmative defense contained in or contemplated by Rule 8(c) and Rule 12(b) of the Federal Rules of Civil Procedure that facts may be discovered to support including, but not limited to, absolute judicial immunity, quasi-judicial immunity, absolute legislative immunity, absolute prosecutorial immunity, qualified immunity, failure to comply with A.R.S. § 12-821.01 regarding the plaintiff's non 42 U.S.C. § 1983 claims, the fault of any non-parties, and any other affirmative defenses that facts may be discovered to support through the completion of discovery. These defendants will more fully set forth

their affirmative defenses in their initial disclosure statement and supplements thereto which are incorporated herein by reference.

## DEMAND FOR JURY TRIAL

118. These defendants demand a jury trial on all issues.

WHEREFORE, having answered the plaintiff's first amended complaint, these defendants request that the first amended complaint be dismissed with prejudice as to them, that they recover their taxable costs, that they be awarded their attorney's fees pursuant to 42 U.S.C. § 1988, that they be awarded their taxable costs and whatever further relief the court deems just and appropriate.

DATED this 12th day of November, 2010.

**APPEL LAW OFFICE, P.L.L.C.**


By /s/ Marc A. Appel _____
Marc A. Appel, Esq.
10601 N. Hayden Road, Suite I-103
Scottsdale, Arizona 85260
Attorney for the Honorable Mary E. Hamm, the Honorable Arthur Markham, Clerk Cynthia J. Runner, Yavapai County Board of Supervisors Carol Springer, Thomas Thurman and Chip Davis, Yavapai County, and Sheila Polk, defendants

ORIGINAL of the foregoing electronically filed
this 12th day of November, 2010 with:

Clerk of the Court
United States District Court
401 W. Washington Street
Phoenix, Arizona  85003

COPY of the foregoing mailed
this 12th day of November, 2010 to:

The Honorable John W. Sedwick
District Court of Arizona
401 W. Washington Street
Phoenix, Arizona  85003

COPY of the foregoing mailed this
12th day of November, 2010 to:

P. "Mike" Palmer
PO Box 5564
Glendale, Arizona  85312
Plaintiff Pro Se

/s/ Heather A. Coover